PAUL HORGAN
Attorney at Law
California State Bar No. 48028
800 Wilshire Boulevard, Suite 1510
Los Angeles, California  90017
Telephone: (213) 622-2717
Facsimile: (213) 622-0445
Email: pchorgan@gmail.com

Attorney for Defendant
JOHN CHARLES BRYDEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN CHARLES BRYDEN,<br><br>            Defendant. | CASE NO.: CR15-266-DDP<br><br>DEFENDANT JOHN BRYDEN'S INITIAL RESPONSE TO PRESENTENCE REPORT<br><br>Date: January 11, 2016<br>Time: 8:30 a.m.<br><br>HON. DEAN D. PREGERSON |

## I. INTRODUCTION

On July 2, 2015, defendant John Bryden entered a plea of guilty to one count of conspiracy to distribute oxycodone. Sentencing has been set for January 11, 2016.

On November 19, 2015, the United States Probation Office disclosed its Presentence Investigation Report ("PSR"). By these papers, defendant, pursuant to Rule 32 (f) of the Federal Rules of Criminal Procedure, files his initial response to the PSR. Defendant intends to file a supplement to these papers based upon the development of additional facts.

///
///

## II. OBJECTIONS/ COMMENTS RE: THE PSR

Page 9, paragraph 49 et seq: A determination that this is a valid conviction cannot now be made as defendant's representation by counsel at the time cannot presently be determined. Defendant notes that if attorney representation is not confirmed or waived, this 2006 conviction cannot serve as a predicate felony for career offender purposes. (See page 11, paragraph 53.)

Also, the penalties for the offenses described by the Probation Office as predicate offenses are not clear. As such, defendant does not presently agree with the description of his criminal history or the characterization of the defendant as a career offender. On the other hand, if the issue is determined otherwise, the undersigned notes his understanding that the 2006 arrest involved one and a half pounds of marijuana and 24 marijuana plants, while the 2010 arrest involved 18 grams of cocaine and 10 pounds of marijuana. As such, it is submitted that the characterization of the defendant as a career offender would over-represent defendant's culpability and that the Court may depart appropriately downward. Compare *United States v. Mendoza*, 121 F.3d 510, (9th Cir. 1997).

Page 18, paragraph 103: As the United States Sentencing Guidelines ("the Guidelines") are now advisory only, defendant submits he is not necessarily ineligible for probation. See *United States v. Booker*, 543 U.S. 220, 259-60 (2005).

Page 20, paragraph 114: Defendant respectfully contends the facts of the case warrant more extensive departures and a sentencing variance than those noted as possible by the Probation Office. Defendant notes the following in this regard.

### Exceptional Good Work

Defendant, on his own volition, has cared for twenty-two-year-old Tatiana Townsend for the past approximately nineteen years. He did this without compensation and simply to assist the child's parents and the child. (PSR, 12: 65). This voluntary action by Mr. Bryden merits a downward departure. See *United States v. Acosta*, 841 F. Supp. 278 (SDNY 1994).

### Family Status

As noted in the Presentence Report, defendant cares for his elderly parents on a full-time basis. (PSR, 12: 66). He cleans and cooks for them, and monitors his parents relative to their respective health conditions. This work will, of necessity, become more complicated and difficult over time. Defendant seeks a downward departure based upon this circumstance. See U.S.S.G. Section 5H1.6.

Defendant agrees his criminal history category is overstated, and he requests an appropriate departure. (PSR, 19: 112 *et seq*).

Exclusive of the above, defendant has no objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the PSR.

### III. LEGAL STANDARDS FOR THE IMPOSITION OF SENTENCE

The appropriate sentence following a defendant's conviction of a crime is that which is reasonable based upon the factors set forth at 18 U.S.C. Section 3553(a). *United States v. Booker*, 543 U.S. 220, 259-60 (2005). The starting point and initial benchmark for that determination is the calculation, pursuant to the United States Sentencing Guidelines ("the Guidelines"), of the defendant's

advisory sentencing range based upon the total offense level for the crime and the defendant's criminal history. *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

While the Guidelines are to be respectfully considered, they are but one factor to be taken into account in arriving at an appropriate sentence. *Carty, supra*, at 992; *United States v. Autrey*, 555 F.3d 864 (9th Cir. 2009). Further, extraordinary circumstances are not a prerequisite for a sentence outside the Guidelines. *Gall v. United States*, 552 U.S. 38 (2007); *Autery, supra*, at 872. At the same time, a major departure from the Guidelines should be supported by a more significant justification than a minor one (*Autery, supra*, at 992).

### IV. DEFENDANT'S INTIAIL SENTENCING POSITION

Given the applicable law, defendant proposes that he be sentenced substantially below that recommended by the Probation Office. He bases this position on the sentencing factors set forth at 18 U.S.C. Section 3553(a):

(1) *The nature and circumstances of the offense, and history and characteristics of the defendant*

The Offense

As further described in the Presentence Report, defendant, beginning in 2010 and continuing until April, 2012, participated in a conspiracy with Daniel Cham, Tracey Townsend, and others to distribute oxycodone. His involvement began when Mr. Townsend told defendant that Dr. Cham would issue medically unnecessary drug prescriptions for $100 each. Defendant unwisely pursued this

overture. (PSR, 5: 13 et seq).

Mr. Bryden, over the course of the conspiracy, committed a number of acts in furtherance of the crime. These included, but are not limited to, filling prescriptions for oxycodone written by Dr. Cham and selling oxycodone obtained from filling the Cham prescriptions to customers in California and Oregon.

Mr. Bryden has admitted in his plea agreement that he and his co-conspirators in Oregon received not less than 4,000 oxycodone pills from prescriptions provided by Dr. Cham - each of which contained not less than 120 grams of actual oxycodone. (Plea Agreement, 8:14). Oxycodone is without question a drug which, if misused, can be extremely harmful. Defendant showed extremely poor judgment in participating in the criminal activity at issue, and he now confronts appropriate punishment for his conduct.

<u>The Defendant</u>

Mr. Bryden is a fifty-five-year old man who appears to be in very poor health and who lives in Del Mar, California where he is the caretaker of his parents William Bryden and Shirley Bryden - both of whom are in their eighties.

Mr. Bryden, from an early age, has been self-supporting. In that regard, defendant operated auto repair shops consistently for more than twenty years - often employing others in his businesses (PSR, 15: 85 *et seq*).

Unfortunately, defendant for much of his life has been an alcohol abuser. Also, the PSR points to two drug convictions for the defendant. A determination of the validity of these offenses for purposes of career criminal offender enhancement is pending.

To deal with his alcoholism, Mr. Bryden voluntarily enrolled

in the alcohol treatment program at the McAlister Institute. He now participates in another program - Smart Recovery (PSR, 15: 80 et seq).

(2) *The need for the sentence imposed*

(A) *to reflect the seriousness of the offense, to provide respect for the law, and to provide just punishment for the offense*

The offense is serious, but not to the extent suggested by the guidelines as determined in the PSR. It is respectfully submitted that the sentence recommended by the Probation Office is far greater than that which is necessary to provide respect for the law and, would not be just punishment. Defendant will propose that which he contends is appropriate in a subsequent filing.

(B) *To afford adequate deterrence to criminal conduct*

The sentence recommended is far more than that which is necessary to deter others from involvement in oxycodone distribution.

(C) *To protect the public from further crimes of the defendant*

As noted above, defendant, who has significant health problems, appears to have turned the corner relative to his alcohol abuse. He also appears now to be focused on attending to the needs of others. These factors indicate defendant does not pose a substantial risk of re-offending. The sentence recommended by Probation is more than that necessary to protect the public from further crimes of Mr. Bryden.

3. *The applicable category of the offense committed by the applicable category of the defendant as set forth in the guidelines*

Although it appears the applicable offense category may be 32 as the Probation Office has determined, this factor awaits the

Court's determination based upon the presentation of further evidence.

## V. CONCLUSION

Defendant submits that, pursuant to 18 U.S.C. §3553(a), a sentence far lower than that proposed in the PSR is that which should be imposed in this case. As noted above, defendant intends to supplement these papers, and will do so when further relevant facts may be presented to the Court.

Respectfully submitted,

Dated: December 21, 2015

_____
PAUL HORGAN
Attorney for Defendant
JOHN CHARLES BRYDEN